IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER LYNN GALLOWAY,

    Petitioner,                   No. CIV S-11-1464 KJM DAD P

    vs.

R.H. TRIMBLE, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 22, 2011, respondent filed the pending motion to dismiss the petition, arguing that petitioner has failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On August 6, 2007, a Sacramento County Superior Court jury found petitioner guilty of second-degree robbery. Subsequently, the trial court found a number of enhancement allegations regarding petitioner's prior convictions to be true. On January 16, 2009, the trial court sentenced petitioner to seventeen years in state prison. On June 29, 2010, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Petitioner

1

did not file a petition for review with the California Supreme Court. (Pet. at 2-3, Resp't's Mot. to Dismiss Ex. A & Lodged Docs. 1 & 2.)

On May 3, 2010, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, which was denied on June 11, 2010.[1] On October 25, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on November 4, 2010. Finally, on November 10, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on May 18, 2011. (Resp't's Lodged Docs. 4-9.)

On May 26, 2011, petitioner commenced this action by filing a federal petition for writ of habeas corpus. In his petition, petitioner asserts three claims: (1) ineffective assistance of counsel, (2) a due process violation, and (3) ineffective assistance of appellate counsel. (Pet. at 5-6.)

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Counsel for respondent argues that petitioner failed to exhaust his claims for habeas relief in state court. Specifically, counsel for respondent argues that the sole filing petitioner submitted to the California Supreme Court was a petition for writ of habeas corpus. Therein, petitioner presented a single ineffective assistance of counsel claim. Counsel for respondent acknowledges that petitioner asserts the same claim in Ground 1 of the pending federal petition in this case. However, counsel maintains that petitioner failed to present to the California Supreme Court the claims set forth in Grounds 2 and 3 of the pending federal petition. Accordingly, counsel for respondent concludes that petitioner has filed a "mixed" petition which this court should dismiss. (Resp't's Mot. to Dismiss at 3-4.)

/////

---

[1] This is the date of filing under the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 276 (1988).

II. Petitioner's Opposition

      Petitioner has filed several conflicting responses to respondent's motion to dismiss. First, petitioner has filed a document styled "'Objection' to the Motion to Dismiss" in which he argues that, while he may have included some of his claims in the wrong sections of his form petition to the California Supreme Court, he nevertheless included all of his claims in his petition presented for the state high court's review. Next, petitioner has filed a motion to amend his federal habeas petition in which he asks this court to dismiss Grounds 2 and 3 of the pending petition. Finally, on the same day petitioner filed his motion to amend, he also filed an "Addendum to Objection to Motion to Dismiss" in which he contends that did not deliberately bypass any state procedures and, in any event, he provided the state a full opportunity to review all of his claims even if he placed them in the incorrect place on the form petition.[2] (Petn'r's Objection to the Mot. to Dismiss at 2-3, Petn'r's Mot. to Amend at 1 & Petn'r's Addendum at 1-3.)

**ANALYSIS**

I. Exhaustion of State Court Remedies

      State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general,

---

[2] In light of petitioner's conflicting filings, as well as his pro se status, the court will recommend that petitioner's motion to amend his petition to dismiss Grounds 2 and 3 be deemed withdrawn. If petitioner wishes to dismiss Grounds 2 and 3 of his petition after reviewing these findings and recommendations, he may file a renewed motion do so.

a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

II. Discussion

As noted above, petitioner has raised three claims in his federal habeas petition now before this court. (Pet. at 5-6.) After reviewing petitioner's petition for writ of habeas corpus filed with the California Supreme Court, this court finds that petitioner failed to exhaust Grounds 2 and 3 of his pending federal petition. Specifically, the only claim that petitioner fairly presented to the California Supreme Court was that he received ineffective assistance of counsel when his attorney failed to properly convey a plea offer to him. (Resp't's Lodged Doc. 8.) This claim presented to the California Supreme Court satisfies the exhaustion requirement with respect to Ground 1 of petitioner's federal petition. However, petitioner did not fairly present

/////

any further claims to the California Supreme Court.  Nor has petitioner alleged that state court remedies are no longer available to him.

If these findings and recommendations are adopted, petitioner's federal petition pending before this court will be a "mixed" petition, containing both exhausted and unexhausted claims.  A federal court cannot grant habeas relief based on a mixed petition.  However, current case law leads the court to conclude that respondent's motion to dismiss should not be granted at this time.  Instead, petitioner should be given the opportunity to inform the court by declaration as to how he wishes to proceed in this federal habeas action after considering the three options set forth below.  See Jefferson v. Budge, 419 F.3d 1013, 1015-17 (9th Cir. 2005).

First, because there is a "mixed" petition before this court containing both exhausted and unexhausted claims, petitioner may elect to seek a stay and abeyance order to allow him to return to state court to exhaust his unexhausted claims.  The Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with both exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," which it had originally outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims, if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from

expiring during a stay. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed" petition, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his federal petition. See King, 564 F.3d at 1140. However, the United States Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Here, if petitioner chooses to pursue this option (i.e., seeking a stay and abeyance order), the court will issue a separate order granting him thirty days leave to file a proper motion for a stay and abeyance under the Kelly or Rhines procedure.

Second, petitioner may elect to abandon the unexhausted claims set forth in his original petition before this court without seeking a stay and abeyance order and proceed solely on his one exhausted claim. Petitioner is advised that, if he chooses this option, a subsequent

petition challenging the same conviction on other grounds may be barred as second or successive. If petitioner chooses this option, the court will issue a separate order granting him thirty days leave to amend his petition so as to include only his first and sole exhausted claim.

Finally, petitioner may move to voluntarily dismiss this action and complete exhaustion of his unexhausted claims and then file a new federal petition presenting all of his exhausted claims. Petitioner is advised, however, that if he were to choose this option, any future federal petition for writ of habeas corpus may very well be time barred. The federal habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

In sum, the court will recommend that respondent's motion to dismiss be denied at this time. The court will also recommend that petitioner be granted thirty days leave to notify the court by declaration as to how he wishes to proceed in this case. If the assigned district judge adopts these findings and recommendations and petitioner elects to pursue this action by filing a declaration, petitioner is advised that his declaration need not be lengthy. Rather, he only need state whether he wishes to pursue the first, second, or third option described above. Then, upon review of petitioner's declaration, the undersigned will issue an order granting petitioner an additional thirty days leave to either: (1) file a motion for stay and abeyance pursuant to the Kelly or Rhines procedure; (2) file an amended petition containing only his exhausted claims; or (3) file a motion for dismissal.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 22, 2011 motion to dismiss (Doc. No. 11) be denied;

2. Petitioner's motion to amend (Doc. No. 14) be deemed withdrawn; and

3. Petitioner be granted thirty days leave to file a declaration notifying the court as to how he wishes to proceed in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gall1464.157